# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MIKHAELA LASHAWN, | ) CASE NO. 1:24-CV-00257-DCN |
| Plaintiff, | ) |
| | ) U.S. DISTRICT JUDGE |
| v. | ) DONALD C. NUGENT |
| | ) |
| AARUPIYU HOMES LLC, *et al.*, | ) U.S. MAGISTRATE JUDGE |
| | ) JENNIFER DOWDELL ARMSTRONG |
| Defendant, | ) |
| | ) **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me pursuant to Judge Nugent's referral for pretrial supervision under Local Rule 72.1. (ECF No. 7.) Now pending is pro se Plaintiff Mikhaela LaShawn's ("Plaintiff") Complaint against Defendants Aarupiyu Homes LLC, Ubiquitous Capital Holdings LLC, David Streeter Law, Chief Bailiff Judge Gilligan, and John and Jane Does ("Defendants"). (ECF No. 1.) For the following reasons, I RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE for failure to perfect service.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on February 9, 2024. (ECF No. 1.) On February 20, 2024, she filed a *praecipe* for original summons upon Defendants David Streeter Law and Ubiquitous Capital Holdings LLC. (ECF No. 4.) The docket reflects that Plaintiff filed a certified mail receipt addressed to Ubiquitous Capital Holdings LLC on March 1, 2024. (ECF No. 6.)

On May 8, 2024, the Court issued an Order ("May 2024 Order") notifying Plaintiff that the record did not reflect that Plaintiff had properly served all Defendants. (ECF non-document entry dated 5/8/24.) Specifically, the May 2024 Order notified Plaintiff that she had not obtained

1

summons and served Defendants Aarupiyu Homes LLC, Chief Bailiff Judge Gilligan, and Jane Doe #1-10. (*Id.*) The Court also notified Plaintiff that it was unclear whether Plaintiff properly served Defendant Ubiquitous Capital Holdings LLC. (*Id.*) That is because—while the certified mail receipt filed with this Court reveals that an unidentified individual signed this receipt—the receipt did not demonstrate that the signatory was an authorized agent; the signature was illegible, and the individual did not print his/her name on the receipt. (*Id.*) The May 2024 Order also reminded Plaintiff of her obligation to file proof of service. (*Id.*) The May 2024 Order further advised Plaintiff that—if she had not served all Defendants by May 23, 2024—she must file within 30 days from May 25, 2024, a showing of good cause regarding why service had not been perfected. Significantly, the May 2024 Order warned Plaintiff that: "Plaintiff is hereby on notice that failure to file proof of service or to show good cause why service has not been perfected may result in a report and recommendation that this matter be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), as well as Fed. R. Civ. P. 4(m)."

On June 13, 2024, Plaintiff filed a return of service document, reflecting that no service had been perfected on Defendant David Streeter Law.[1] (ECF No. 8.) To date, Plaintiff has not filed any proof of service on any of the Defendants or attempted to show good cause for the failure to effect service in compliance with the Court's May 2024 order.

### III. THIS COURT SHOULD DISMISS THE CASE FOR FAILURE TO PERFECT SERVICE.

I recommend that this Court dismiss this case without prejudice for failure to perfect service. When a complaint is filed and the plaintiff has not been granted leave to plead *in forma pauperis*, the plaintiff bears the burden to obtain service of process upon each defendant. *See* Fed.

---

[1] The document indicates that service was attempted by certified mail on 2/26/24, 3/2/24, and 3/12/2024. (ECF No. 8.) The envelope was marked with a sticker stating, "Return to Sender," "Unclaimed," and "Unable to Forward." (*Id.*)

2

R. Civ. P. 4(c); *see also Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2011). If a defendant has not been served within 90 days of the complaint being filed "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Rule 4(m) requires a court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000). Then, if the plaintiff establishes good cause, the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). *See also Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016). However, if the plaintiff is unable to establish good cause, the court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *Stewart*, 238 F.3d at 424 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)); *see also Workman v. Univ. of Akron,* No. 5:16-CV-156, 2017 WL 1113332, at *1(N.D. Ohio Mar. 24, 2017); *Tanksley v. Tennessee Valley Auth.*, No. 1:16-CV-487-TAV-SKL, 2017 WL 6391473, at *3 (E.D. Tenn. Dec. 14, 2017).

But to justify the extension of time to facilitate service, a plaintiff bears the burden of establishing good cause for the failure to serve the defendants within the 90-day timeframe. *Id.* Generally, good cause means a "reasonable, diligent effort to timely effect service of process." *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004). Lack of prejudice or actual notice, or ignorance of the rules, are insufficient to show good cause. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). Absent a showing of good cause to justify the failure, the Federal Rules of Civil Procedure compel dismissal. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Here, Plaintiff has already had far more than 90 days to perfect service on all defendants. Fed. R. Civ. P. 4(m). The Complaint was filed on February 9, 2024, and Plaintiff's 90-day service deadline thus expired on May 9, 2024. Yet, as set forth above, Plaintiff did not file proof of service for all Defendants and had deficiencies in her service of Defendant Ubiquitous Capital Holdings LLC. In its May 2024 Order, this Court notified Plaintiff of these service deficiencies, instructed her to properly serve all Defendants and file proof of service, and extended the 90-day service deadline to May 23, 2024. If service was not perfected by that date, the Court also ordered Plaintiff to file a showing of good cause regarding why service was not perfected within 30 days of May 25, 2024. Significantly, the Court placed Plaintiff on notice that failure to comply with its May 2024 Order may "result in a report and recommendation that this matter be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), as well as Fed. R. Civ. P. 4(m)." (ECF non-document entry dated 5/8/24.)

Despite the Court's Order, there is no evidence on the record that demonstrates Plaintiff perfected service on *all* Defendants. Nor did Plaintiff provide *any* explanation regarding why she failed to perfect service, much less demonstrate a "reasonable, diligent effort" to do so. *Pearison,* 90 F. App'x at 813. Under these circumstances, "dismissal due to lack of service is 'mandatory, not discretionary.'" *Nicholson v. N-Viro Int'l Corp.*, No. 3:06CV01669, 2007 WL 2994452, at *4 (N.D. Ohio Oct. 12, 2007) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (further citations omitted)); *Engler v. Arnold*, No. 4:14-CV-2442, 2015 WL 4213642, at *2 (N.D. Ohio July 10, 2015) (finding dismissal mandatory where there was no evidence on the record that plaintiff perfected service, plaintiff was on notice that defendant claimed he was not served, plaintiff failed to oppose defendant's motion to dismiss, plaintiff failed to provide proof of service,

and plaintiff failed to show any good cause). Accordingly, I recommend that the Court dismiss this case without prejudice for failure to perfect service.

## IV. RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the Court DISMISS this case WITHOUT PREJUDICE for failure to perfect service.

Dated: July 26, 2024 /s/ *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## V. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the

5

report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).