IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKHAELA LASHAWN, | ) | CASE NO. 1:24 CV 257 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| AARUPIYU HOMES LLC, | ) | Magistrate Judge |
| OF TREASURY, et al., | ) | Jennifer Dowdell Armstrong |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

On February 9, 2024, Plaintiff, Mikhaela LaShawn, filed her Complaint against Defendants, Aarupiyu Homes LLC; Ubiquitous Capital Holdings LLC; David Streeter Law; Chief Bailiff Judge Gilligan; and, John and Jane Does, alleging various civil rights violations. Plaintiff filed a First Amended Complaint on February 15, 2024. (Docket #5.) On May 6, 2024, the Court referred this case to Magistrate Judge Armstrong for pretrial supervision.

On July 26, 2024, Magistrate Judge Armstrong issued a Report and Recommendation (Docket #9) recommending that this case be dismissed without prejudice for failure to perfect service. No objections to the Report and Recommendation have been filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

As thoroughly and exhaustively explained by the Magistrate Judge, Plaintiff has failed to perfect service on all defendants within 90 days, as is required under Fed. R. Civ. P. 4(m). On May 8, 2024, Magistrate Judge Armstrong notified Plaintiff of the deficiencies in service; extended the 90-day service deadline; and, explained that this matter would be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b) in the event all Defendants were not properly served by May 23, 2024. Plaintiff has not perfected service on all Defendants; has not demonstrated

"reasonable, diligent effort" to perfect service; and, has not provided any explanation at all for the failure to perfect service. Accordingly, the case must be dismissed.

The Report and Recommendation issued by Magistrate Judge Armstrong (Docket #9) is hereby ADOPTED in its entirety.

This case is hereby DISMISSED WITHOUT PREJUDICE for failure to perfect service.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 23, 2024